**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN FITCHETT,

    Petitioner,

v.                                          Case No. 09-13026

GREG McQUIGGIN,

    Respondent.
                                                 /

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS; (2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

John Fitchett, ("Petitioner"), presently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for second-degree murder.[1] Respondent has filed a motion to dismiss, on the ground that the current petition was not timely filed in compliance with the statute of limitations. For the reasons stated below, the petition for a writ of habeas corpus will be dismissed pursuant to 28 U.S.C. § 2244(d)(1).

## I. BACKGROUND

On August 19, 1976, Petitioner was convicted of second-degree murder by a jury in the Saginaw County Circuit Court. On October 1, 1976, Petitioner was sentenced to life in prison.

Direct review of Petitioner's conviction ended on or about January 17, 1979,

---

[1] Mich. Comp. Laws § 750.317; Mich. Stat. Ann. 28.549.

when the Michigan Supreme Court denied Petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals on his appeal of right.[2]

Between February of 1980 and June of 1983, Petitioner unsuccessfully sought collateral review of his conviction several times with the trial court, the Michigan Court of Appeals, and the Michigan Supreme Court.[3] The last of these collateral proceedings concluded when the Michigan Supreme Court denied Petitioner leave to appeal on June 21, 1983. *People v. Fitchett*, 417 Mich. 1014 (1983).

In 1987, Petitioner filed a motion to vacate sentence in the Saginaw County Circuit Court, which was denied. *See People v. Fitchett*, No. 76-000219-FY (Saginaw County Cir. Ct. September 15, 1987). The Michigan Court of Appeals denied Petitioner leave to appeal. *People v. Fitchett*, No. 103936 (Mich. Ct. App. May 31, 1988).

---

[2] Respondent does not have a citation for the Michigan Supreme Court's order which denied Petitioner leave to appeal, but points to a reference to the Michigan Supreme Court's order noted on the docket sheet from Petitioner's case in the Saginaw County Circuit Court. *See People v. Fitchett,* No. 76-000219-FY, at *1 (Saginaw County Cir. Ct.), attached to the motion to dismiss as Attachment A. In determining the timeliness of a habeas corpus petition, a district court is entitled to take judicial notice of public records about a habeas petitioner's prior state court litigation. *See U.S. ex rel. Santiago v. Hinsley*, 297 F. Supp. 2d 1065, 1068 n.4 (N.D. Ill. 2003). Additionally, in the absence of reliable evidence to the contrary, a federal district court should presume the accuracy of a court clerk's docket entries. *Arnold v. Wood*, 238 F. 3d 992, 995 (8th Cir. 2001). Petitioner has not filed a traverse or reply disputing Respondent's chronology of Petitioner's various proceedings in the state trial and appellate courts. "The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C.A. § 2248. Because no traverse has been filed by Petitioner nor has any evidence been offered to contradict the allegations made by Respondent in the motion to dismiss, the motion to dismiss and the documents submitted with the motion will be accepted as true. *See U.S. ex rel. Catalano v. Shaughnessy*, 197 F. 2d 65, 66 (2d Cir. 1952).

[3] *See* Respondent's Attachment A, p. 1-2, *supra.*

2

Petitioner did not file an application for leave to appeal this order with the Michigan Supreme Court.[4]

In 1994, Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.*, with the Saginaw County Circuit Court, which was denied. *See People v. Fitchett,* No. 76-000219-FY (Saginaw County Cir. Ct. May 16, 1995). There is no indication from the Saginaw County Circuit Court docket sheet that Petitioner ever appealed the denial of his post-conviction motion to the Michigan Court of Appeals or to the Michigan Supreme Court. In addition, this court has reviewed the Michigan Court of Appeals' internet website and there is no indication of any appeal ever having been filed by Petitioner following the denial of his post-conviction motion by the Saginaw County Circuit Court.[5] A search of Westlaw's online database has also failed to reveal any appeals filed by Petitioner in the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner signed this petition on July 21, 2009.[6]

## II. DISCUSSION

Respondent has filed a motion to dismiss the petition for writ of habeas corpus

---

[4] *See* Affidavit from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated November 20, 2009, attached to Respondent's Motion as Attachment B.

[5] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *See, e.g., Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

[6] Under the prison mailbox rule, the court will assume that Petitioner actually filed his habeas petition on July 21, 2009, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001).

3

on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *see also Cooey v. Strickland*, 479 F.3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *See Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich 2002).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme

4

Court denied leave to appeal on or about January 17, 1979. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on or about April 17, 1979, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). But because Petitioner's conviction became final well before the April 24, 1996 enactment date of the AEDPA, Petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *See Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001). Therefore, absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than April 24, 1997, for the petition to be timely filed. *Id.* at 1075.

After his appeal, Petitioner filed several *pro per* motions and applications with the Saginaw County Circuit Court, the Michigan Court of Appeals, and the Michigan Supreme Court. This court must resolve whether these motions would be considered part of the direct review process or the collateral review process, for determining when the one year statute of limitations commenced pursuant to 28 U.S.C. § 2244(d)(1)(A). The Sixth Circuit, in the context of determining the applicability of the U.S. Supreme Court's holding in *Sandstrom v. Montana*,[7] noted that "[t]he Michigan courts have generally adopted the view that long-delayed appeals are not regarded as part of a defendant's direct appeal." *Wheeler v. Jones*, 226 F. 3d 656, 659 (6th Cir. 2000) (*citing*

---

[7] 442 U.S. 510 (1979).

*People v. Ward*, 594 N.W.2d 47, 52 (Mich. 1999)). Here, Petitioner's motions should be considered a collateral attack on his conviction, because they were filed between one and seven years after Petitioner's sentencing. *Ward,* 594 N.W.2d at 51-52 (defendant's motion to vacate his guilty plea, which was filed more than fourteen months after conviction, should have been considered a collateral attack on his conviction); *see also O'Quinn v. Lafler*, 2008 WL 3050401, at * 2 (E.D. Mich. July 28, 2008) (petitioner's motion for a new trial considered a collateral attack on his conviction, because it was filed over three years after his sentencing). However, because these motions for state post-conviction relief were denied prior to the AEDPA's enactment date of April 24, 1996, Petitioner was still given one year from that date, that is, no later than April 24, 1997, to file his habeas petition, unless the statute of limitations was otherwise tolled. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998); *Davis v. Stegall*, 2003 WL 1867920, at *2 (E.D. Mich. March 17, 2003).

Petitioner filed a post-conviction motion for relief from judgment in 1994, which was denied by the trial court on May 16, 1995. Petitioner never appealed the denial of this motion to the Michigan appellate courts. Pursuant to M.C.R. 6.509, Petitioner could file an application for leave to appeal with the Michigan Court of Appeals within one year of the trial court's denial of a motion for relief from judgment. *See* M.C.R. 7.205(F). Petitioner did not appeal the denial of his post-conviction motion for relief from judgment to the Michigan Court of Appeals. Petitioner's motion for relief from judgment ceased to be pending, for purposes of § 2244(d)(2), on May 16, 1996, when the one year period for filing an application for leave to appeal with the Michigan Court of Appeals expired. *See Palmer v. Lavigne*, 43 F. App'x 827, 828 & n.1 (6th Cir. 2002). Petitioner therefore

6

had until May 16, 1997 to file his petition for writ of habeas corpus in compliance with the statute of limitations. Because Petitioner did not file his petition for writ of habeas corpus until July 21, 2009, his petition is untimely.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F.3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010. A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger*, 239 F. App'x 145, 147 (6th Cir. 2007); *See also Wilson v. Birkett*, 192 F. Supp. 2d at 766-67.

A final question is whether the period of limitations should be equitably tolled for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F. 3d 577, 601 (6th Cir. 2005). Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v.*

7

*Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005); *See also Giles,* 239 F. App'x at 147-48 (petitioner's largely unsupported claim of actual innocence did not warrant tolling).

### III.  THE CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[8]  28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.  The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong.  The court thus declines to issue Petitioner a certificate of appealability.

### IV. CONCLUSION

Accordingly,

---

[8] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.

IT IS ORDERED that the Respondent's "Motion to Dismiss Habeas Petition" [Dkt. # 7] is GRANTED.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus [Dkt. # 1] is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: April 27, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 27, 2010, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522