**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN FITCHETT,

        Petitioner,

v.                              Case No. 09-13026

GREG McQUIGGIN,

        Respondent.

_____/

**OPINION AND ORDER ON REMAND DENYING THE MOTION TO AMEND THE
PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY**

Petitioner John Fitchett, presently incarcerated at the Chippewa Correctional

Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254, in which he challenged his 1976 conviction for second-degree murder. [1]

This court dismissed the petition because it was barred by the one-year statute of

limitations contained in 28 U.S.C. § 2244(d)(1).  This matter is now before the court on

remand from the United States Court of Appeals for the Sixth Circuit for this court to

treat a subsequently filed petition for writ of habeas corpus as a motion to amend the

petition for writ of habeas corpus.  For the reasons that follow, the motion to amend the

petition for writ of habeas corpus will be denied.

**I. BACKGROUND**

On July 21, 2009, Petitioner filed a petition for writ of habeas corpus.

Respondent filed a motion to dismiss the petition on the ground that it was not timely

_____

[1] Mich. Comp. Laws § 750.317.

filed in compliance with the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). In agreeing and so ruling, the court noted that Petitioner's direct appeal and a number of his post-conviction challenges ended prior to AEDPA's enactment date of April 24, 1996, giving Petitioner until April 24, 1997, to file his petition in compliance with the one-year limitations period. Petitioner filed a post-conviction motion for relief from judgment in 1994, which was denied by the trial court on May 16, 1995. Petitioner never appealed the denial of this motion to the Michigan appellate courts. Pursuant to Michigan Court Rule 6.509, Petitioner could file an application for leave to appeal with the Michigan Court of Appeals within one year of the trial court's denial of a motion for relief from judgment. *See* Mich. Ct. R. 7.205(F). Because Petitioner never appealed the denial of this motion to the Michigan appellate courts, this motion for relief from judgment ceased to be pending, for purposes of § 2244(d)(2), on May 16, 1996, when the one-year period for filing an application for leave to appeal with the Michigan Court of Appeals expired. *See Palmer v. Lavigne*, 43 F. App'x 827, 828 & n.1 (6th Cir. 2002). Petitioner therefore had until May 16, 1997, to file his petition for writ of habeas corpus in compliance with the statute of limitations. Because Petitioner did not file his petition for writ of habeas corpus until July 21, 2009, the court concluded that the instant petition was untimely. The court further concluded that Petitioner had offered neither any reasons to equitably toll the limitations period nor any new, reliable evidence of actual innocence so as to toll the limitations period. *See Fitchett v. McQuiggin*, No. 09-13026, 2010 WL 1710974 (E.D. Mich. Apr. 27, 2010).

2

While Petitioner's habeas application was pending before this court, Petitioner filed an "Expedited Petition for Writ of Habeas Corpus on Radical & Procedural Jurisdictional Defects, After Complete Exhaustion in Michigan Judicial Circuit Court," albeit under the name of "Juan E. Fitchett." Judge Victoria A. Roberts ordered that this petition be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive petition. *Fitchett v. McQuiggin*, No. 10-10360 (E.D. Mich. Aug. 12, 2010).

The Sixth Circuit concluded that Petitioner's second petition that was filed before Judge Roberts should have been construed as a motion to amend the petition for writ of habeas corpus, because Petitioner's original petition was still pending at the time that the second petition was filed. The Sixth Circuit remanded the matter to this court to treat Petitioner's second petition as a motion to amend his first petition. *See In re Fitchett*, No. 10-2045 (6th Cir. June 6, 2011).

Petitioner's second petition has now been docketed in this case as a motion to amend the original petition for writ of habeas corpus.

## II. DISCUSSION

### A. Motion to Amend

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (citing Fed. R. Civ. P. 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998).

3

The court will deny the motion to amend the petition for writ of habeas corpus because it would be futile to permit Petitioner to amend his petition to add these claims. These new claims, as well as the old claims, are time-barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1).  *See Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001-02 (6th Cir. 2006).  Petitioner had until May 16, 1997, to timely file his petition in compliance with the one-year limitations period.  By the time Petitioner filed his petition on July 21, 2009, the one-year limitations period had long since expired. Although Petitioner claims in his "expedited petition" to have filed an "Expedited Motion to Quash Felony Information" with the Saginaw County Circuit Court on November 3, 2009, this was also filed after the one-year limitations period had ended.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled.  *See Hargrove v. Brigano*, 300 F.3d 717, 718 & n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).  Petitioner's amended habeas petition is therefore untimely.

Moreover, although at several points in his expedited petition Petitioner argues that he learned only after his trial that he had not been arraigned on the second-degree murder charge and that the felony information was defective, Petitioner does not indicate anywhere in his "expedited petition" or in his attached documents when he discovered these alleged defects.  Pursuant to 28 U.S.C. § 2244(d)(1)(D), AEDPA's one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner.

4

*See Ali v. Tenn. Bd. of Pardon and Paroles*, 431 F.3d 896, 898 (6th Cir. 2005).  The time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim *could have been* discovered through the exercise of due diligence, not when it was *actually* discovered by a given petitioner.  *Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003).  Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance.  *Id.*  Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond*, 295 F. Supp. 2d at 771.  A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims.  *See Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002).  Because Petitioner has failed to establish "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Petitioner does not meet his burden of establishing that the lack of an arraignment or the allegedly defective information is newly discovered evidence which would delay the commencement of the one-year limitations period pursuant to § 2244(d)(1).  *See McSwain v. Davis*, 287 F. App'x 450, 454-55 (6th Cir. 2008).

Finally, Petitioner has failed again to offer any new, reliable evidence to establish that he is actually innocent of his conviction, so as to excuse his untimely filing.  Any defects in the charging documents in this case or in failing to arraign Petitioner would

5

not amount to a claim of actual innocence that would toll the limitations period. *Cf.*

*Burnside v. Lamanna*, 27 F. App'x 439, 440 (6th Cir. 2001) (federal habeas petitioner's

claim regarding a defect in his indictment was not a claim of actual innocence that

would permit him to bring a § 2241 habeas petition to challenge his federal conviction

under the savings clause contained in 28 U.S.C. § 2255).  Moreover, although Petitioner

claims that the second-degree murder charge was originally dismissed against him

because the victim said that Petitioner was not the perpetrator, (*see* Mot. Amend 10-

11), Petitioner has offered this court no evidence to support this assertion.  Petitioner's

largely unsupported claim of actual innocence would not warrant tolling of the limitations

period.  *See Giles v. Wolfenbarger*, 239 F. App'x 145, 147-48 (6th Cir. 2007).

Petitioner's original habeas petition was barred by the one-year limitations period

and the current claims that he seeks to advance in his amended petition are likewise

time-barred pursuant to 28 U.S.C. § 2244(d)(1).  Because these claims are untimely, it

would be futile to permit Petitioner to amend his originally time-barred habeas petition to

add these new untimely claims.  *Wiedbrauk*, 174 F. App'x at 1001-02.  Accordingly, the

motion to amend the petition shall be denied.

### B. Certificate of Appealability

The court will also deny a certificate of appealability to Petitioner.  A certificate of

appealability may be issued "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The district court must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant."

Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts, 28

U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

The court will deny Petitioner a certificate of appealability because jurists of reason would not find debatable this court's determination that it would be futile to permit Petitioner to amend his habeas petition, in light of the fact that his claims are barred by AEDPA's statute of limitations. *See, e.g.*, *Rea v. Suthers*, 402 F. App'x 329, 331-32 (10th Cir. 2010).

### III. CONCLUSION

Accordingly, IT IS ORDERED that the motion to amend the petition for writ of habeas corpus [Dkt. # 13] is DENIED.

7

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

       s/Robert H. Cleland              
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 31, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2011, by electronic and/or ordinary mail.

       s/Lisa G. Wagner               
Case Manager and Deputy Clerk
(313) 234-5522